IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

MELVIN MCNEIL, #166905, Petitioner,

vs.

CECILIA REYNOLDS, Respondent.

C/A No. 9:08-2796-JFA-BM

**REPORT AND RECOMMENDATION**

Petitioner, an inmate with the South Carolina Department of Corrections, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition was filed pro se on August 5, 2008.[1] The Respondent filed a motion for summary judgment pursuant to Rule 56, Fed.R.Civ.P., on December 11, 2008. As the Petitioner is proceeding pro se, a Roseboro order was entered by the Court on December 12, 2008, advising Petitioner of the importance of a motion for summary judgment and of the necessity for him to file an adequate response. Petitioner was specifically advised that if he failed to respond adequately, the Respondent's motion may be granted, thereby ending his case. After receiving extensions of time to respond, Petitioner filed an affidavit in opposition to summary judgment on February 13, 2009, and a memorandum in opposition on February 26, 2009.

This Petition is now before the Court for disposition.[2]

[1]Filing date per Houston v. Lack, 487 U.S. 266, 270-276 (1988).

[2]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 19.02(B)(2)(c), D.S.C. Respondent has filed a motion for summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.



**Procedural History**

The Petitioner was indicted in the February 2003 term of the Richland County Grand Jury for Assault and Battery with Intent to Kill ("ABWIK") [Indictment No. 03-GS-40-1206]. (R.pp. 467-468). Petitioner was represented by Douglas Strickler, Esquire, and on February 12, 2003, was tried by a jury and found guilty as charged. (R.pp. 396-399). Petitioner was sentenced to fifteen (15) years confinement. (R.pp. 408-409).

Petitioner filed a timely appeal of his conviction, and was represented by Robert M. Pachak, of the South Carolina Office of Appellate Defense. Petitioner raised the following issues on appeal:

> 1. Whether the trial court erred in allowing the state to introduce evidence of a prior shooting by appellant on the victim when it was unduly prejudicial and it was prohibited by State v. Lyle, 118 S.E. 803 (S.C. 1923).
>
> 2. Whether the trial court erred in refusing to grant a mistrial after the solicitor in his closing argument used the prior shooting to urge the jury to convict appellant of the shooting for which he was on trial?

See Petition, p. 3.

On June 30, 2004, the South Carolina Court of Appeals affirmed the judgment of conviction and sentence. State v. Melvin McNeil, Opinion No. 2004-UP-426 (S.C.Ct.App. filed June 30, 2004). The Remittitur was sent down on July 19, 2004.

On December 13, 2004, Petitioner filed an Application for Post Conviction Relief ("APCR") in state circuit court and raised the following issues:

> Ground One: Subject Matter Jurisdiction.
>
> Ground Two: Ineffective Assistance of Counsel.

(R.pp. 412-422).





On December 1, 2006, Petitioner amended his application to raise the following issues:

1. Trial counsel was ineffective for neglecting to interview and obtain a sworn statement from Petitioner's grandmother, who was his alibi witness, prior to her death.
2. Trial counsel was ineffective for neglecting to object to the State's improper use of a prior consistent statement to bolster the victim's identification of the Petitioner.
3. Trial counsel was ineffective for neglecting to confirm the action of the grand jury in his case; and
4. Trial counsel was ineffective for neglecting to interview the State witness Levette Goodwin's grandmother when it was she who is alleged to have provided the incorrect name of the Petitioner to her grandson.

(R.p. 433).

An evidentiary hearing on Petitioner's application was held on March 1, 2007, at which Petitioner was present and represented by Tara D. Shurling, Esquire. (R.pp. 435-457). On April 3, 2007, the PCR judge denied the Petition in its entirety in a written order. (R. pp. 459-464).

Petitioner timely filed a notice of appeal with the South Carolina Supreme Court. Petitioner was represented by Celia Robinson, Esquire, and raised the following issues:

1. Did the PCR judge err in finding that trial counsel was not ineffective in neglecting to object to the State's improper admission of hearsay statements to bolster the victim's identification of Petitioner?
2. Did the PCR judge err in finding that trial counsel was not ineffective in neglecting to interview or to obtain a sworn statement from Petitioner's elderly grandmother/alibi witness and in failing to present her sworn statement at trial.

See Petition, p. 2.

On May 30, 2008, the South Carolina Supreme Court entered its order denying the Petition in its entirety. See Letter Order filed May 30, 2008. The Remittitur was sent down on June





17, 2008.

Petitioner then filed this habeas corpus petition in the United States District Court pursuant to 28 U.S.C. § 2254, raising the following issues:

1. Admission of Prior Bad Act Evidence.

   Supporting Facts: A Richland County jury convicted [Petitioner] of assault and battery with intent to kill. He appeals, asserting the trial court erred by (1) improperly admitting evidence of a prior bad act allegedly committed by [Petitioner], and (2) refusing to grant a mistrial following the Solicitor's inappropriate reference to the prior bad act evidence during closing arguments.

2. The trial court erred allowing the State to introduce evidence of a prior shooting by appellant on the victim because it was unduly prejudicial and it was prohibited by State v. Lyle, 118 S.E.2d 103 (S.C. 1923).

   Supporting Facts: [Petitioner] was [tried] for assault and battery with intent to kill for shooting the victim in the leg with a handgun. The Court allowed the prior bad act to be admitted on the grounds that it would go to prove actual intent and this would go toward showing general intent. (R.p. 53). The trial court erred in refusing to grant a mistrial after the Solicitor in his closing argument used the prior shooting to urge the jury to convict [Petitioner] of the shooting for which he was on trial.

See Petition, pp. 6-8.

**Discussion**

Respondent has moved for summary judgment pursuant to Rule 56, Fed.R.Civ.P., submitting that the entire petition is without merit. Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c), Fed.R.Civ.P; see Habeas Corpus Rules 5-7, 11. Further, while the federal court is charged with liberally construing pleadings filed by a pro se





litigant to allow the development of a potentially meritorious case; See Cruz v. Beto, 405 U.S. 319 (1972), and Haines v. Kerner, 404 U.S. 519 (1972); the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990).

**I.**

Petitioner clearly sets out only two grounds for relief in his Petition. These grounds concern the trial court's admission of evidence of Petitioner's prior bad act of shooting the victim and the trial court's failure to grant a mistrial based on the Solicitor's statements concerning this evidence in his closing argument. See Petition, pp. 6-8. In his affidavit and objections filed in response to the motion for summary judgment, however, Petitioner discusses at great length his alleged actual innocence and numerous other matters.

It is difficult to determine if Petitioner is discussing these other matters in an attempt to address the Respondent's argument concerning cause and prejudice to overcome a procedural bar [Respondent argues that Petitioner is procedurally barred from raising the grounds raised in the Petition based on violations of federal law because he only pursued these claims based on violations of state law at the state level], or if Petitioner is now attempting to address new issues that are not before the Court in his petition.[3] In his response, after a lengthy discussion of the procedural history of the case, Petitioner only designates one ground under the section titled "Federal Habeas Grounds", that being "Admission of Prior Bad Act Evidence." [see Petitioner's Objections, p. 15]. However, he then also references Sections III and IV [see Petitioner's Objections, pp. 17, 25], which both state

[3]An amended petition has not been filed and the original petition clearly sets forth only the two cited related claims. See Petition, pp. 6-8.





that the PCR judge erred by not granting relief on two claims purportedly raised in his APCR.

Since Petitioner did not set forth these additional two claims as Grounds for relief in his petition, it is unclear why they are discussed in his objections. However, even if Petitioner had raised these two additional issues in this federal habeas Petition, they could not be considered by this Court because he did not raise them before the South Carolina Supreme Court in his PCR appeal. Cf. Petitioner's Objections, pp. 17, 25; and Petition for Writ of Certiorari, p. 2. Since the Petitioner did not pursue and exhaust these claims in his PCR appeal, they are barred from further state collateral review; Whiteley v. Warden, Wyo. State Penitentiary, 401 U.S. 560, 562 n. 3 (1971); Wicker v. State, 425 S.E.2d 25 (S.C. 1992); Ingram v. State of S.C., No. 97-7557, 1998 WL 726757 at **1 (4th Cir. Oct. 16, 1998); Josey v. Rushton, No. 00-547, 2001 WL 34085199 at * 2 (D.S.C. March 15, 2001); Aice v. State, 409 S.E.2d 392, 393 (S.C. 1991)[post-conviction relief]; and as there is no current state remedy for Petitioner to pursue these issues, they are otherwise fully exhausted. Coleman v. Thompson, 501 U.S. 722, 735, n.1 (1991); Teague v. Lane, 489 U.S. 288, 297-298 (1989); George v. Angelone, 100 F.3d 353, 363 (4th Cir. 1996) ["A claim that has not been presented to the highest state court nevertheless may be treated as exhausted if it is clear that the claim would be procedurally defaulted under state law if the petitioner attempted to raise it at this juncture."], cert. denied, 117 S.Ct. 854 (1997); Aice, 409 S.E.2d at 393; Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997) ["To satisfy the exhaustion requirement, a habeas Petitioner must fairly present his claim[s] to the state's highest court . . . the exhaustion requirement for claims not fairly presented to the state's highest court is technically met when exhaustion is unconditionally waived by the state...or when a state procedural rule would bar consideration if the claim[s] [were] later presented to the state court."], cert. denied, 522 U.S. 833 (1997); Ingram, 1998 WL 726757 at **1. However, even though





technically exhausted, since these issues were not properly pursued by the Petitioner in the state court, federal habeas review of these claims is now precluded absent a showing of cause and prejudice, or actual innocence. Wainwright v. Sykes, 433 U.S. 72 (1977); Waye v. Murray, 884 F.2d 765, 766 (4th Cir. 1989), cert. denied, 492 U.S. 936 (1989).

> In all cases in which a State prisoner has defaulted his Federal claims in State court pursuant to an independent and adequate State procedural rule, Federal Habeas review of the claim is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of Federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

Coleman, 501 U.S. at 750.

No showing of cause and prejudice or actual innocence has been made in this case.

First, while Petitioner mentions "cause" in parts of his affidavit and objections and discusses the alleged ineffectiveness of his PCR appellate counsel, any argument by Petitioner that his PCR appellate counsel was ineffective for failing to pursue certain claims in his PCR appeal does not provide Petitioner with cause for a default of these issues. The United States Supreme Court has held that "if the procedural default is the result of ineffective assistance of counsel, the Sixth Amendment itself requires that responsibility for the default be imputed to the State . . . Ineffective assistance of counsel, then, is cause for procedural default." Murray v. Carrier, 477 U.S. 478, 488 (1986); see also Coleman v. Thompson, supra; McCleskey v. Zant, 499 U.S. 467, 494 (1991); Noble v. Barnett, 24 F.3d 582, 586, n.4 (4th Cir. 1994)("[C]onstitutionally ineffective assistance of counsel is cause per se in the procedural default context"); Smith v. Dixon, 14 F.3d 956, 973 (4th Cir. 1994)(en banc). However, while ineffective assistance of counsel can constitute "cause" for a procedural default, it will only constitute "cause" if it amounts to an independent violation. Ortiz v.





Stewart, 149 F.3d 923, 932 (9th Cir. 1998); Bonin v. Calderon, 77 F.3d 1155, 1159 (9th Cir. 1996).

Here, Petitioner has failed to show the necessary "cause" for a procedural default because, to the extent he is complaining that his PCR appellate counsel did not pursue these claims, ineffective assistance of PCR counsel does not amount to an independent constitutional violation and is not therefore "cause" for a procedural default. Murray v. Giarratano, 492 U.S. 1-7, 13 (1989) [O'Connor, J., concurring] [ "[T]here is nothing in the Constitution or the precedents of [the Supreme] Court that requires a State provide counsel in postconviction proceedings. A postconviction proceeding is not part of the criminal process itself, but is instead a civil action designed to overturn a presumptively valid criminal judgment. Nothing in the Constitution requires the State to provide such proceedings,...nor does...the Constitution require [ ] the States to follow any particular federal model in those proceedings."]; Mackall v. Angelone, 131 F.3d 442, 447-449 (4th Cir. 1997); Ortiz, 149 F.3d at 932; Pollard v. Delo, 28 F.3d 887, 888 (8th Cir. 1994); Lamp v. State of Iowa, 122 F.3d 1100, 1104-1105 (8th Cir. 1997); Parkhurst v. Shillinger, 128 F.3d 1366, 1371 (10th Cir. 1997); Williams v. Chrans, 945 F.2d 926, 932 (7th Cir. 1992); Gilliam v. Simms, No. 97-14, 1998 WL 17041 at *6 (4th Cir. Jan. 13, 1998). Further, while it is also arguable that Petitioner is attempting to argue that the trial court's conduct gives him "cause" for a procedural default of these claims, Petitioner has not shown how any actions by the trial court prevented him from pursuing these claims in his PCR action.

Accordingly, Petitioner has failed to show cause for a procedural default of these issues. Rodriguez v. Young, 906 F.2d 1153, 1159 (7th Cir. 1990), cert. denied, 498 U.S. 1035 (1991) ["Neither cause without prejudice nor prejudice without cause gets a defaulted claim into Federal Court."]. Nor does the undersigned find that Petitioner has met his burden of showing actual





innocence, or that a fundamental miscarriage of justice will occur if these claims are not considered. see, Wainwright v. Sykes, supra; Murray, 477 U.S. at 496; Rodriguez, 906 F.2d at 1159 [a fundamental miscarriage of justice occurs only in extraordinary cases, "where a constitutional violation has probably resulted in the conviction of one who is actually innocent"](citing Murray v. Carrier, 477 U.S. at 496)); Sawyer v. Whitley, 505 U.S. 333, 348 (1992); Bolender v. Singletary, 898 F.Supp. 876, 881 (S.D.Fla. 1995)). Although Petitioner makes conclusory allegations to assert his innocence, to prevail under an "actual innocence" theory, Petitioner must produce new evidence that was not available at trial to show his factual innocence. Royal v. Taylor, 188 F.3d 239, 244 (4th Cir. 1999). Further, Petitioner must "demonstrate actual factual innocence of the offense or conviction; i.e., that petitioner did not commit the crime of which he was convicted." United States v. Mikalajunas, 186 F.3d 490, 494 (4th Cir. 1999). He has failed to do so.

Therefore, even if Petitioner had properly asserted these claims in this federal habeas petition (and not just referred to them in his response brief), they are procedurally barred from consideration by this Court, and must be dismissed. See 28 U.S.C. § 2254.

**II.**

With regard to the two grounds set forth in Petitioner's habeas petition, these claims relate to the admission of Petitioner's prior bad act of shooting the victim and the trial court's failure to grant a mistrial based on the Solicitor's discussion of the prior bad act in his closing argument. These issues were both raised in Petitioner's direct appeal and were rejected by the South Carolina Court of Appeals. Therefore, they are exhausted and properly before this Court.

The record reflects that on January 2, 2001, Tyrone Rivers, Mary Wooden, and the victim were walking together along Flamingo Road in the Bluff Estates neighborhood in Columbia.





(R.pp. 92-95, 157-159, 175-179). A vehicle drove slowly by the group and stopped a short distance in front of them. (R.pp. 95-97, 179). The Petitioner got out of the vehicle holding a handgun, and when the victim began to run away, Petitioner fired the handgun a couple of times and hit the victim in his leg with a bullet. (R.pp. 96-97, 100-101, 106, 158, 162-163, 180-184, 187, 197, 253). At trial, the Solicitor introduced evidence that the Petitioner had shot the victim before in another incident that occurred approximately fifty days before the January 2, 2001 shooting. Petitioner's counsel objected to this evidence; (R.pp. 39-45, 48-50, 53-55, 84), but the trial court admitted the evidence as proof of Petitioner's intent when he shot the victim on January 2, 2001. (R.pp. 84, 108).

The victim testified that he had known the Petitioner all of his life, but that hostilities had developed between them after they had been "slap boxing" in late 2000. (R.pp. 81, 84-85). The victim testified that,

> I was messing around and grabbed [the Petitioner] by his leg and fell on top of him, and we was just playing, kidding around. Ever since that day [the Petitioner] just took it serious and he had like a vendetta against me. . . . Every time he saw me it was like I'm going to get you, and he was like pulling out guns and wanting to fight, you know.

(R.pp. 84-85).

After this "slap boxing" incident, the Petitioner shot the victim on November 10, 2000, while the victim was walking through the Bluff Estates neighborhood. (R.pp. 85, 87-89). The victim testified that,

> I was going to my cousin's house earlier that morning, and I was coming through the cut and [Petitioner] was sitting in the chair on the side of the house and he had a shotgun in his hand. . . . I turned around and I jumped the gate. Then he ran behind me with the shotgun and started shooting, right. I was running. I was behind the lady that stays next to my cousin. I hid behind her car. When I tried to jump the gate, that's when he got to shooting some more and that's when the buck shots hit the gate and one hit me right here in my arm.





(R.pp. 85, 89).

Petitioner argued before the South Carolina Court of Appeals that this testimony was unfairly prejudicial to his defense and only served to foster in the jurors' minds a presumption of guilt for the crime charged. However, the South Carolina Court of Appeals found:

> While evidence of prior crimes or misconduct is inadmissible to prove the specific crime charged, it may be admitted if it tends to establish: (1) motive; (2) intent; (3) the absence of mistake or accident; (4) a common scheme or plan embracing the commission of two or more crimes so related to each other that proof of one tends to establish the others; or (5) the identity of the person charged with the present crime. Rule 404(b), SCRE; State v. Lyle, 118 S.E. 803, 807 (S.C. 1923). If not the subject of a conviction, a prior bad act must first be established by clear and convincing evidence. State v. Beck, 536 S.E.2d 679, 683 (S.C. 2000). The decision on whether to admit evidence of other bad acts is entrusted to the sound discretion of the trial judge, and that decision will not be disturbed by the appellate court if there is any evidence to support the admission. State v. Wilson, 545 S.E.2d 827, 829 (S.C. 2001). . . . [Petitioner's] "prior shooting of [the victim] bears sufficient logical relevance to the ABIK charge in this case. Both incidents occurred close in time and under similar circumstances involving the same victim. Evidence of the November 12, 2000 shooting was, therefore, significantly probative of [Petitioner's] intent when he shot [the victim] on January 2, 2001.

See McNeil, Op. No. 2004-UP-426.

Petitioner also argues that the trial court erred by denying his motion for a mistrial following the Solicitor's reference to the November 12, 2000 shooting in his closing argument. In the Solicitor's closing argument, the following exchange took place:

Solicitor: One thing in [defense counsel's] opening statement that he seemed to harp on a lot was the fact that it was just a leg wound. [The victim] was just shot in the lower leg. I submit to you, ladies and gentlemen, ask yourselves, how many times does that young man have to be shot, and -

Defense counsel: Your Honor, I object to that argument.

Trial judge: I think so.

Defense counsel: And I have a matter of law to take up whenever the court wishes.

Trial judge: All right, sir. Just move on please, sir.





Solicitor: Yes, sir. Shot two times, is that not enough to find malice? Is that not enough for there to be malice, ladies and gentlemen?

Defense counsel: I continue the objection, sir.

The trial judge then convened a bench conference with counsel out of the hearing of the jury.

(R.pp. 346-347).

After closing arguments, defense counsel moved the trial court for a mistrial on the grounds that the portion of the Solicitor's closing argument quoted above made reference to the evidence of Petitioner's prior bad act in a manner beyond the scope of the limited purpose for which it had been admitted. Defense counsel argued that, instead of being used to show Petitioner's intent at the time he committed the act for which he was charged, the Solicitor was attempting to appeal to the passion and prejudice of the jury. (R.pp. 387-392).

With respect to this issue, the South Carolina Court if Appeals held that,

> [t]he decision to grant or deny a mistrial is within the sound discretion of the trial court and its ruling will not be disturbed on appeal absent an abuse of discretion amounting to an error of law. State v. Harris, 530 S.E.2d 626, 627-628 (S.C. 2000). "A mistrial should only be granted when absolutely necessary," and a defendant must show both error and resulting prejudice in order to be entitled to a mistrial. Id. at 628; see also State v. Beckham, 513 S.E.2d 606, 610 (S.C. 1999)["The granting of a motion for a mistrial is an extreme measure which should be taken only where an incident is so grievous that prejudicial effect can be removed in no other way."] In this case, we do not discern any error or prejudice resulting from the content of the Solicitor's closing argument.

See McNeil, Op. No. 2004-UP-426.

The state Court of Appeals went on to find that the Solicitor's comments at issue were to focus the jury's attention on the Petitioner's intent. Id.

Although Petitioner argues that the state court was incorrect in its findings, "it is not the province of a federal habeas court to re-examine state-court determinations on state-law





questions." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991)["federal habeas corpus relief does not lie for errors of state law"]. Therefore, Petitioner is not entitled to federal habeas relief on these claims.[4] While Petitioner also attempts to now raise federal claims with regard to these issues, Respondent correctly argues that since Petitioner did not present these claims in his state proceedings based on federal law, he is procedurally barred from doing so now. See, discussion relating to procedural defaults, supra; Levine v. Commissioner, 44 F.3d 121, 124 (2d Cir. 1995)[Where claim was not presented to the state court as a federal claim, it may not be considered on federal habeas corpus review].

Additionally, even assuming for purposes of summary judgement that these matters were properly before the Court based on alleged violations of federal law, Petitioner has not shown any such violations, as

> [t]here is no constitutional or other federal legal principle that bars the introduction of evidence of prior bad acts where relevant to proving an element of the crime charged. Indeed, the Federal Rules of Evidence explicitly allow for the introduction of such evidence. See Fed.R.Evid. 404(b). See also Spencer v. Texas, 385 U.S. 554, 560-563 (1967)[upholding state rules requiring that the jury be informed of certain prior bad acts of a defendant]. The Due Process Clause of the Fourteenth Amendment is violated only where the evidence in question "is so extremely unfair that its admission violates fundamental concepts of justice." Dowling v. United States, 493 U.S. 342, 352 (1990)(citations omitted). There can be no unfairness, of course, where the prejudicial evidence is "probative of [an] essential element" in the case. Estelle v. McGuire, 502 U.S. at 69; accord Dunnigan v. Keane, 137 F.3d 117,

---

[4]Further, even if the testimony was inadmissible (which the undersigned does not find), the Petitioner has not shown he suffered any prejudice as a result of this evidence being admitted; cf State v. Motley, 164 S.E.2d 569, 575 (S.C. 1968)(burden is on defendant to show error in admission of evidence is prejudicial); as the Petitioner was identified by four eyewitnesses, including the victim, Rivers, and Wooden, who had known the Petitioner for a long time and were from the same community. (R.pp. 81, 128-129, 157, 165, 174-175, 253, 257-259, 264). The girl who was in the car with the Petitioner at the time of the shooting also testified that Petitioner was her boyfriend at the time and that he shot the victim. (R.pp. 253, 257-259, 264). In addition to the victim's testimony, the Petitioner's girlfriend also testified as to Petitioner's statements and actions showing his intent at the time of the shooting. (R.pp. 84-85, 253-264).





125 (2d Cir. 1991).

Martinez v. Artuz, No. 99-5744, 2001 WL 540737, at * 8 (S.D.N.Y. May 22, 2001).

Here, Petitioner has failed to show that the admission of this evidence was so extremely unfair that its admission violated the Fourteenth Amendment. Dowling, 493 U.S. at 352. The evidence that Petitioner and the victim previously had a dispute and that the Petitioner had recently shot the victim on another occasion was directly relevant to the State's proof of Petitioner's intent at the time of the crime, it established the victim's relationship with the Petitioner as well as the circumstances surrounding the shooting, and was probative of motive.

As previously discussed, the state court determined that admission of the cited testimony was not prejudicial and that the Solicitor's comments in closing argument went to intent and were not grounds for a mistrial. On the record before the Court in this case, no federal violation has been shown. Dowling, 493 U.S. at 352; see also Evans v. Smith, 220 F.3d 306, 312 (4th Cir. 2000)[Federal habeas relief will be granted with respect to a claim adjudicated on the merits in state court proceedings only where such adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law. . . . "]. Therefore, Plaintiff's claims are without merit and should be dismissed.

**III.**

Finally, Petitioner also discusses subject matter jurisdiction in his response with respect to an issue involving the indictment in this case. This issue has not been presented as a claim in the Petition, nor has it been properly exhausted in the state courts. See discussion relating to procedural bar, supra. While Petitioner contends that subject matter jurisdiction can be raised at any time, even if he had asserted this issue as a claim in his Petition it would be without merit. The





ability to challenge a state court's subject matter jurisdiction "at any time" should "actually be phrased 'at any time he is in state court'"; Thompson v. Perry, No 06-3429, 2007 WL 2579570 at *4 (D.S.C. Sept. 4, 2007); and it is not for this Court to determine such issues of state law. Estelle, 502 U.S. at 67 [''federal habeas corpus relief does not lie for errors of state law."]; Thompson, 2007 WL 2579570, at *4 ["[I]t is up to South Carolina courts to resolve issues as to whether or not subject matter jurisdiction exists."]; Dew v. Pancake, No. 07-37, 2007 WL 4302429 at *4 (W.D.Ky. Dec. 7, 2007)["This court does not review determinations of state law [regarding a subject matter jurisdiction challenge] made by South Carolina courts"]. Accordingly, this argument is without merit and should be dismissed.

## Conclusion

Based on the foregoing, it is recommended that Respondent's motion for summary judgment be **granted**, and that this Petition be **dismissed**.

The parties are referred to the Notice Page attached hereto.

Bristow Marchant
United States Magistrate Judge

May 15, 2009

Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).



