UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Melvin McNeil, #166905, | ) | C/A No. 9:08-2796-JFA-BM |
| | ) | |
| Petitioner, | ) | |
| v. | ) | ORDER |
| | ) | |
| Cecilia Reynolds, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

The *pro se* petitioner, Melvin McNeil, is an inmate at the South Carolina Department of Corrections serving a 15-year sentence for Assault and Battery with Intent to Kill (ABWIK). He has filed a petition pursuant to 28 U.S.C. § 2254 challenging his state court conviction.

The Magistrate Judge assigned to this action[1] has prepared a detailed Report and Recommendation and opines that the petitioner's claims are barred from review by this court and that respondent's motion for summary judgment[2] should be granted. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

[2] An order was issued pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) notifying petitioner of the summary dismissal procedure and possible consequences if he failed to adequately respond to the motion for summary judgment. Petitioner responded to the motion.

1

incorporates such without a recitation.

The petitioner was advised of his right to file objections to the Report and Recommendation, which was entered on the docket on May 15, 2009. Petitioner filed timely objections[3] to the Report and the court will address those objections herein.

## PROCEDURAL BACKGROUND

Following his conviction in state court, the petitioner filed a direct appeal raising the issues of whether the state trial court erred in (1) allowing the State to introduce evidence of a prior shooting; and (2) refusing to grant a mistrial after the solicitor referred to the prior shooting when giving his closing argument. The South Carolina Court of Appeals affirmed McNeil's conviction and petitioner did not pursue further relief with the South Carolina Supreme Court.

During the petitioner's state trial, the court allowed admission of petitioner's prior bad act of shooting the victim and did not grant a mistrial based on the solicitor's discussion of the prior bad act in his closing argument. Petitioner argued that the testimony was unfairly prejudicial. The South Carolina Court of Appeals found, under *State v. Lyle*, 118 S.E. 803, 807 (S.C. 1923), that evidence of the prior shooting of the victim bears sufficient logical relevance to the ABWIK charge, that both incidents occurred close in time and under similar

---

[3] Under 28 U.S.C. § 636(b)(1), the district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's Report to which objections have been filed. The court reviews the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005). Failure to timely file specific written objections to the Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

2

circumstances, and that the evidence was significantly probative of petitioner's intent when he shot the victim a second time. The Court of Appeals also noted that the decision on whether to admit evidence of other bad acts is entrusted to the sound discretion of the trial judge, and that decision will not be disturbed by the appellate court if there is any evidence to support the admission.

In his direct appeal, the also petitioner contended that the trial court erred in not declaring a mistrial after the solicitor made a remark during closing argument about the petitioner's prior shooting of the victim. However, the Court of Appeals found no error or prejudice resulting from the content of the solicitor's closing argument and that the comments at issue were to focus the jury's attention on the petitioner's intent, not just to appeal to the passion or prejudice of the jury.

Petitioner filed his first state application for Post Conviction Relief (PCR) on December 13, 2004. In his PCR, petitioner claimed errors in subject matter jurisdiction and ineffective assistance of counsel for (1) failing to interview his now-deceased grandmother as an alibi witness; (2) failing to object to the State's improper use of a prior inconsistent statement to bolster the victim's identification of the petitioner; (3) failing to confirm the action of the Grand Jury; and (4) failing to interview a State witness about incorrectly providing the petitioner's name. The PCR judge denied relief in a written order and dismissed the PCR with prejudice.

Petitioner appealed the dismissal by way of a Petition for Writ of Certiorari contending that the PCR judge erred in his decision. He raised the claims that (1) the PCR

judge erred in finding that trial counsel was not ineffective in neglecting to object to the State's improper admission of hearsay statements to bolster the victim's identification of petitioner; and (2) the PCR judge erred in finding trial counsel was not ineffective for failing to interview or obtain a sworn statement from petitioner's grandmother/alibi witness. The South Carolina Supreme Court denied the petition in a letter order dated May 30, 2008, and the remittitur was filed June 17, 2008.

### FEDERAL HABEAS PETITION

The present federal habeas petition was filed on August 5, 2008 and the respondent concedes that petitioner is not in violation of the statute of limitations proscribed by the Anti-Terrorism Effective Death Penalty Act of 1996, Pub.L.No. 104-132, 110 Stat. 1214 ("AEDPA").

Before this court, the petitioner raises only two grounds of error: (1) admission of prior bad act evidence; and (2) admission of a prior shooting by petitioner.

In Ground 1, petitioner claims that the trial court erred by improperly admitting evidence of a prior bad act allegedly committed by petitioner; and by refusing to grant a mistrial following the solicitor's inappropriate reference to the prior bad act evidence during closing arguments.

In Ground 2, which is essentially repetitive of a portion of Ground 1, petitioner asserts that the trial court erred when it refused to grant a mistrial after the solicitor, in his closing argument, used the prior shooting to urge the jury to convict petitioner of the shooting for which he was on trial.

As the Magistrate Judge notes in his Report, the petitioner's two claims were raised in his direct appeal, were rejected by the South Carolina Court of Appeals, and are exhausted.

The respondent has moved for summary judgment and contends that the two issues presented are procedurally barred and not reviewable by this court because the state court only addressed these issues as state law claims, not federal law claims. The Magistrate agreed with the respondent's position and was correct in doing so.

McNeil did not present the claims to the state court as claims invoking violations of the federal constitution and, and as such, the claims cannot be considered on federal habeas corpus review. Although petitioner contends the state court erred, "it is not the province of a federal habeas court to re-examine state court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ["federal habeas corpus relief does not lie for errors of state law"]. *Lewis v. Jeffers*, 497 U.S. 764, 780; *see also Pulley v. Harris*, 465 U.S. 37, 41 (1984).

The Magistrate Judge notes that in petitioner's response to the motion for summary judgment (and not in his original §2254 petition), petitioner touches on his alleged actual innocence and other matters. The Magistrate Judge also notes that it is not clear if petitioner was discussing these matters to address the respondent's argument concerning cause and prejudice to overcome a procedural bar or if he was attempting to raise new issues that were not before this court or the Magistrate in his original § 2254 petition.

The Magistrate Judge correctly suggests that petitioner has failed to show "cause" for a procedural default because, to the extent that he is complaining that his PCR counsel did

5

not pursue those claims, ineffective assistance of PCR counsel does not amount to an independent constitutional violation and is not therefore "cause" for a procedural default. *Murray v. Giarratano*, 492 U.S. 1-7, 13 (1989). Moreover, petitioner has not shown how any actions by the trial court prevented him from pursuing these claims in his PCR action.

Neither can the petitioner show actual innocence or that a fundamental miscarriage of justice will occur if these claims are not considered. *Wainwright v. Sykes*, 433 U.S. 72 (1977). Petitioner has not produced new evidence that was not available at trial nor can he demonstrate actual factual innocence of the offense or conviction. *U.S. v. Mikalajunas*, 186 F.3d 490, 494 (4th Cir. 1999). This court agrees with the Magistrate Judge's finding that even if petitioner had properly asserted these claims in his petition and not just in his response brief, they are procedurally barred from consideration and must be dismissed.

Petitioner's two-page objection memorandum merely claims that trial counsel "did not [sic] the jury in eliminate to seal petitioner record so it could not be raised in court, this is bias and prejudice against him." Petitioner also claims that his trial counsel was ineffective because "he did not put ALIBI witness on the state to show the jury that he did not do this crime." Finally, petitioner asserts that "subject matter jurisdiction may be raised at any time, however, the petitioner indictment does not have all the elements, so the Grand Jury does not know what to do." These objections are without merit, do not specifically address the Magistrate Judge's recommendations, and are therefore overruled.

After a careful review of the record, the applicable law, the Report and Recommendation, and the objections thereto, the court finds the Magistrate Judge's

6

recommendation is proper and is incorporated herein by reference. Accordingly, respondent's motion for summary judgment is granted and the petition is denied.

    IT IS SO ORDERED.

                                              Joseph F. Anderson, Jr.
July 9, 2009                              United States District Judge
Columbia, South Carolina